IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, JR.,

Plaintiff,

v.

ORDER

CITY OF SUN PRAIRIE, WIS., SGT. JASON LINGLE, KEVIN WARYCH, KRISTINE PITTZ, TRACY HEATH, JOHN DOES, and JANE DOES,

25-cv-1037-jdp

Defendants.

---

This court provides self-represented plaintiffs seeking to file suit a non-prisoner complaint package that includes a complaint form and instructions on filing a non-prisoner complaint in federal court. Filing a complaint on the form is not mandatory in every case brought by a self-represented plaintiff, but the court has discretion to order self-represented plaintiffs to use the form when it promises to help them articulate their claims and to promote judicial economy. *See A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass's & Chi. Journeymen Plumbers' Loc. Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) (courts have broad discretion to enforce local practices that enable a district court to manage its docket as efficiently as possible).

Plaintiff's complaint is excessively long and argumentative, and it contains redundant and immaterial allegations. Attempting to set forth the allegations supporting any potential claims would unduly strain the court's resources and possibly divert it from its role as a neutral decisionmaker. The court must construe plaintiff's allegations generously, but it cannot construct his claims for him.

The better approach is to order plaintiff to file an amended complaint on the court's non-prisoner complaint form, which the court will send him with this order. The non-prisoner complaint form is appropriate because, although plaintiff is currently incarcerated, he was not incarcerated when he brought this case. If plaintiff needs more space to allege his claims, he may submit no more than five (5) supplemental pages. Any text or handwriting on the form or a supplemental page must not be excessively small and must contain at least enough spacing between lines to ensure legibility. (Plaintiff's typewritten complaint meets these text and spacing requirements, though he should not use any smaller text or tighter spacing in the amended complaint.) If plaintiff decides to handwrite the amended complaint, his handwriting should be reasonably neat. The amended complaint must not contain footnotes.

In drafting the amended complaint, plaintiff should be mindful that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff should identify the claims he wishes to allege in the amended complaint, and he should omit any legal arguments.

Plaintiff should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Plaintiff must explain what each defendant did, or failed to do, that violated his rights. If there are multiple defendants, plaintiff should avoid referring to them collectively. For instance, if more than one defendant has taken a particular action that plaintiff believes supports a claim, he should identify each defendant who took that action.

Plaintiff also should identify by full name or title in the case caption of the amended complaint each individual whom he wishes to sue.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeffrey M. Davis, Jr. has until October 5, 2026, to file an amended complaint in accordance with the instructions provided in this order.

2. The amended complaint will act as a complete substitute for the initial complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

3. If plaintiff fails to comply with this order, the court may dismiss the case.

4. If plaintiff moves while this case is pending, he must inform the court of his new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

5. The clerk of court is directed to send plaintiff a copy of the non-prisoner complaint package.

Entered September 3, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge